AWERKAMP, BONILLA & GILES, PLC
8340 N. Thornydale Road, Ste. 110 #414
Tucson, AZ 85741
(520) 798-5282

Ivelisse Bonilla, SBN 023594
ib@abdilaw.com
Shannon Giles (SBN 018786)
sg@abdilaw.com

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Samantha Francis, an individual,<br><br>Plaintiff,<br>vs.<br><br>Be Strong LLC, d/b/a Borderland Chevrolet GMC, a corporation; Mark Mermis, an individual<br><br>Defendants. | No. CV-24-342-TUC-MAA<br><br>**ANSWER TO SECOND AMENDED COMPLAINT** |

Defendants Be Strong LLC d/b/a Borderland Chevrolet GMC ("Borderland") and Mark Mermis ("Mermis") answer Plaintiff's Second Amended Complaint as follows.

## **NATURE OF THE ACTION**

1. In answering paragraph 1 of the Second Amended Complaint, Defendants admit that Plaintiff is seeking the damages described in that paragraph, but deny that they engaged in discrimination or retaliation, deny that they violated Title VII of the Civil Rights Act of 1964, deny that they violated the Arizona Fair Wages and Healthy Families Act, and deny that they committed defamation or false light invasion of privacy.

2. Defendants admit the allegations in paragraph 2 of the Second Amended Complaint.

3. In response to paragraph 3 of the Second Amended Complaint, Defendants admit that Plaintiff worked for Defendant Be Strong, LLC d/b/a Borderland Chevrolet GMC and deny all other allegations in paragraph 3, including the allegation that Plaintiff was unlawfully terminated.

4. Defendants deny the allegations in paragraph 4 of the Second Amended Complaint.

5. Defendants deny the allegations in paragraph 5 of the Second Amended Complaint.

6. In response to paragraph 6 of the Second Amended Complaint, Defendants admit that Plaintiff was an employee of Be Strong LLC within the meaning of 42 U.S.C § 2000e(f) but deny that she is such an employee as of the date of this Answer.

7. In response to paragraph 7 of the Second Amended Complaint, Defendants admit that Borderland Chevrolet GMC is an automotive dealership and service center located in Douglas, Arizona.

8. In response to paragraph 8 of the Second Amended Complaint, Defendants admit that Be Strong, LLC employs, and at all relevant times, employed more than fifteen employees in Douglas, Arizona, but deny that Defendant Mark Mermis has or had any employees.

9. Defendants admit the allegation in paragraph 9 of the Second Amended Complaint.

10. In response to paragraph 10 of the Second Amended Complaint, Defendants admit that this Court has jurisdiction over Plaintiff's claims.

11. In response to paragraph 11 of the Second Amended Complaint, Defendants admit that venue is proper but deny that they caused the events alleged by Plaintiff.

12. In response to paragraph 12 of the Second Amended Complaint, Defendants admit that Plaintiff filed a Charge of Discrimination with the EEOC and that the EEOC issued a Dismissal and Notice of Rights dated June 8, 2024. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation that the Charge of Discrimination was filed on February 13, 2024, or that Plaintiff received the Dismissal and Notice of Rights on June 8, 2024, and therefore, deny those allegations.

13. Defendants admit the allegation in paragraph 13 of the Second Amended Complaint.

## **FACTUAL ALLEGATIONS**

14. In response to paragraph 14 of the Second Amended Complaint, Defendants admit that Plaintiff began working for Be Strong, LLC as its Service Director in June of 2023. Defendants deny any remaining allegations in paragraph 14 of the Second Amended Complaint.

15. Defendants deny the allegations in paragraph 15 of the Second Amended Complaint.

16. Defendants deny the allegations in paragraph 16 of the Second Amended Complaint.

17. Defendants deny the allegations in paragraph 17 of the Second Amended Complaint.

18. Defendants deny the allegations in paragraph 18 of the Second Amended Complaint.

19. Defendants deny the allegations in paragraph 19 of the Second Amended Complaint.

20. Defendants deny the allegations in paragraph 20 of the Second Amended Complaint.

21. Defendants deny the allegations in paragraph 21 of the Second Amended Complaint.

22. Defendants deny the allegations in paragraph 22 of the Second Amended Complaint.

23. Defendants deny the allegations in paragraph 23 of the Second Amended Complaint.

24. Defendants deny the allegations in paragraph 24 of the Second Amended Complaint.

25. Defendants deny the allegations in paragraph 25 of the Second Amended Complaint.

26. Defendants deny the allegations in paragraph 26 of the Second Amended Complaint.

27. Defendants deny the allegations in paragraph 27 of the Second Amended Complaint.

28. Defendants deny the allegations in paragraph 28 of the Second Amended Complaint.

29. Defendants deny the allegations in paragraph 29 of the Second Amended Complaint.

30. Defendants deny the allegations in paragraph 30 of the Second Amended Complaint.

31. Defendants deny the allegations in paragraph 31 of the Second Amended Complaint.

32. Defendants deny the allegations in paragraph 32 of the Second Amended Complaint.

33. Defendants deny the allegations in paragraph 33 of the Second Amended Complaint.

34. Defendants deny the allegations in paragraph 34 of the Second Amended Complaint.

35. Defendants deny the allegations in paragraph 35 of the Second Amended Complaint.

36. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 of the Second Amended Complaint and therefore, deny those allegations.

37. Defendants deny the allegations in paragraph 37 of the Second Amended Complaint.

38. Defendants deny the allegations in paragraph 38 of the Second Amended Complaint.

39. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 of the Second Amended Complaint and therefore, deny those allegations.

40. In response to paragraph 40 of the Second Amended Complaint, Defendants admit that, on Monday, October 30, 2023, Plaintiff was suspended for 3 days for failing to show up to work on Friday, October 27, 2023 without communicating with any Borderland staff. Defendants deny all remaining allegations of paragraph 40 of the Second Amended Complaint, including the allegation that Plaintiff was not paid.

41. Defendants deny the allegations in paragraph 41 of the Second Amended Complaint.

42. Defendants admit the allegation in paragraph 42 of the Second Amended Complaint.

43. Defendants admit the allegation in paragraph 43 of the Second Amended Complaint.

44. Defendants deny the allegations in paragraph 44 of the Second Amended Complaint.

45. Defendants admit the allegation in paragraph 45 of the Second Amended Complaint.

46. In response to paragraph 46 of the Second Amended Complaint, Defendants admit that Borderland's service department is closed on Saturdays and deny all remaining allegations in paragraph 46.

47. In response to paragraph 47 of the Second Amended Complaint, Defendants admit that Mr. Mermis met with Plaintiff in his office upon her return to work and deny all remaining allegations in paragraph 47 of the Second Amended Complaint.

48. Defendants deny the allegations in paragraph 48 of the Second Amended Complaint.

49. Defendants deny the allegations in paragraph 49 of the Second Amended Complaint.

50. Defendants deny the allegations in paragraph 50 of the Second Amended Complaint.

51. Defendants deny the allegations in paragraph 51 of the Second Amended Complaint.

52. In response to paragraph 52 of the Second Amended Complaint, Defendants admit that Plaintiff sent an email on December 4, 2023 addressed to Mark Mermis and Kevin Walters in which she made false allegations. Defendants deny the remaining allegations of paragraph 52 of the Second Amended Complaint.

53. In response to paragraph 53 of the Second Amended Complaint, Defendants admit that Plaintiff sent an email on December 4, 2023 addressed to Mark Mermis and Kevin Walters in which she made false allegations. Defendants deny the remaining allegations of paragraph 53 of the Second Amended Complaint.

54. Defendants deny the allegations in paragraph 54 of the Second Amended Complaint.

55. In response to paragraph 55 of the Second Amended Complaint, Defendants admit that Plaintiff resigned and deny all remaining allegations in paragraph 54 of the Second Amended Complaint.

56. Defendants deny the allegations in paragraph 56 of the Second Amended Complaint.

57. Defendants deny the allegations in paragraph 57 of the Second Amended Complaint.

58. In response to paragraph 58 of the Second Amended Complaint, Defendants admit that Mark Mermis gave a video statement to Douglas Today on or about July 31, 2023 and deny all remaining allegations in paragraph 58 of the Second Amended Complaint.

59. In response to paragraph 59 of the Second Amended Complaint, Defendants admit that Douglas Today posted a video of Mark Mermis to its page and deny all remaining allegations in paragraph 59 of the Second Amended Complaint.

60. Defendants deny the allegations in paragraph 60 of the Second Amended Complaint.

61. Defendants deny the allegations in paragraph 61 of the Second Amended Complaint.

62. Defendants deny the allegations in paragraph 62 of the Second Amended Complaint.

63. Defendants deny the allegations in paragraph 63 of the Second Amended Complaint.

## FIRST CLAIM FOR RELIEF (Against Defendant Be Strong LLC)

## Violation of Title VII of the Civil Rights Act of 1964 – Hostile Work Environment

64. In response to paragraph 64 of the Second Amended Complaint, Defendants incorporate their answers to paragraphs 1 through 63 of the Second Amended Complaint.

65. Defendants deny the allegations in paragraph 65 of the Second Amended Complaint.

66. Defendants deny the allegations in paragraph 66 of the Second Amended Complaint.

67. Defendants deny the allegations in paragraph 67 of the Second Amended Complaint.

68. Defendants deny the allegations in paragraph 68 of the Second Amended Complaint.

69. Defendants deny the allegations in paragraph 69 of the Second Amended Complaint.

## SECOND CLAIM FOR RELIEF (Against Defendant Be Strong LLC)

## Violation of Title VII of the Civil Rights Act of 1964 - Retaliation

70. In response to paragraph 70 of the Complaint, Defendants incorporate their answers to paragraphs 1 through 69 of the Second Amended Complaint.

71. Defendants deny the allegations in paragraph 71 of the Second Amended Complaint.

72. Defendants deny the allegations in paragraph 72 of the Second Amended Complaint.

73. Defendants deny the allegations in paragraph 73 of the Second Amended Complaint.

74. Defendants deny the allegations in paragraph 74 of the Second Amended Complaint.

## THIRD CLAIM FOR RELIEF (Against Defendant Be Strong LLC)
## Violation of the Arizona Civil Rights Act – A.R.S. § 41-1401 *et. seq.* – Hostile Work Environment

75. In response to paragraph 75 of the Complaint, Defendants incorporate their answers to paragraphs 1 through 74 of the First Amended Complaint.

76. Defendants deny the allegations in the Second Amended Complaint.

77. Defendants deny the allegations in paragraph 77 of the Second Amended Complaint.

78. Defendants deny the allegations in paragraph 78 of the Second Amended Complaint.

79. Defendants deny the allegations in paragraph 79 of the Second Amended Complaint.

80. Defendants deny the allegations in paragraph 80 of the Second Amended Complaint.

## FOURTH CLAIM FOR RELIEF (Against Defendant Be Strong LLC)
## Violation of the Arizona Civil Rights Act – A.R.S. § 41-1401 *et. seq.* – Retaliation

81. In response to paragraph 81 of the Complaint, Defendants incorporate their answers to paragraphs 1 through 80 of the First Amended Complaint.

82. Defendants deny the allegations in paragraph 82 of the Second Amended Complaint.

83. Defendants deny the allegations in paragraph 83 of the Second Amended Complaint.

84. Defendants deny the allegations in paragraph 84 of the Second Amended Complaint.

85. Defendants deny the allegations in paragraph 85 of the Second Amended Complaint.

**FIFTH CLAIM FOR RELIEF (Against Defendant Be Strong LLC)**

**Violation of the Arizona Fair Wages and Healthy Families Act – A.R.S. § 23-371 *et. seq.* - Interference**

86. In response to paragraph 86 of the First Amended Complaint, Defendants incorporate their answers to paragraphs 1 through 85 of the First Amended Complaint.

87. In response to paragraph 87 of the Second Amended Complaint, Defendants admit that Defendant Be Strong, LLC is an employer subject to the Arizona Fair Wages and Healthy Families Act and is an Arizona employer with one or more employees.

88. Defendants deny the allegations in paragraph 88 of the Second Amended Complaint.

89. Defendants deny the allegations in paragraph 89 of the Second Amended Complaint.

90. In response to paragraph 90 of the Second Amended Complaint Defendants admit that Plaintiff was no-call/no-show on October 27, 2023. Defendants deny all remaining allegations in paragraph 90 of the Second Amended Complaint.

91. Defendants deny the allegations in paragraph 91 of the Second Amended Complaint.

92. Defendants deny the allegations in paragraph 92 of the Second Amended Complaint.

**SIXTH CLAIM FOR RELIEF (Against Defendant Be Strong LLC)**

**Violation of the Arizona Fair Wages and Healthy Families Act - A.R.S. § 23-371 *et. seq.* - Retaliation**

93. In response to paragraph 93 of the Second Amended Complaint, Defendants incorporate their answers to paragraphs 1 through 92 of the Second Amended Complaint.

94. In response to paragraph 94 of the Second Amended Complaint, Defendants admit that Defendant Be Strong, LLC is an employer subject to the Arizona Fair Wages and Healthy Families Act and is an Arizona employer with one or more employees.

95. Defendants deny the allegations in paragraph 95 of the Second Amended Complaint.

96. Defendants deny the allegations in paragraph 96 of the Second Amended Complaint.

97. In response to paragraph 97 of the Second Amended Complaint Defendants admit that Plaintiff was no-call/no-show on October 27, 2023. Defendants deny all remaining allegations in paragraph 97 of the Second Amended Complaint.

98. In response to paragraph 98 of the Second Amended Complaint, Defendants admit that Plaintiff was suspended for three days for being no-call/no-show on October 27, 2023. Defendants deny all remaining allegations in paragraph 98 of the Second Amended Complaint.

99. Defendants deny the allegations in paragraph 99 of the Second Amended Complaint.

100. Defendants deny the allegations in paragraph 100 of the Second Amended Complaint.

101. Defendants deny the allegations in paragraph 101 of the Second Amended Complaint.

102. Defendants deny the allegations in paragraph 102 of the Second Amended Complaint.

103. Defendants deny the allegations in paragraph 103 of the Second Amended Complaint.

104. Defendants deny the allegations in paragraph 104 of the Second Amended Complaint.

## SEVENTH CLAIM FOR RELIEF (Against All Defendants)
## Defamation Per Se

105. In response to paragraph 105 of the Second Amended Complaint, Defendants incorporate their answers to paragraphs 1 through 104 of the Second Amended Complaint.

106. Defendants deny the allegations in paragraph 106 of the Second Amended Complaint.

107. Defendants deny the allegations in paragraph 107 of the Second Amended Complaint.

108. Defendants deny the allegations in paragraph 108 of the Second Amended Complaint.

109. Defendants deny the allegations in paragraph 109 of the Second Amended Complaint.

110. Defendants deny the allegations in paragraph 110 of the Second Amended Complaint.

111. Defendants deny the allegations in paragraph 111 of the Second Amended Complaint.

112. Defendants deny the allegations in paragraph 112 of the Second Amended Complaint.

113. Defendants deny the allegations in paragraph 113 of the Second Amended Complaint.

114. Defendants deny the allegations in paragraph 114 of the Second Amended Complaint.

## EIGHTH CLAIM FOR RELIEF (Against All Defendants)
## False Light Invasion of Privacy

115. In response to paragraph 115 of the Second Amended Complaint, Defendants incorporate their answers to paragraphs 1 through 114 of the Second Amended Complaint.

116. Defendants deny the allegations in paragraph 116 of the Second Amended Complaint.

117. Defendants deny the allegations in paragraph 117 of the Second Amended Complaint.

118. Defendants deny the allegations in paragraph 118 of the Second Amended Complaint.

119. Defendants deny the allegations in paragraph 119 of the Second Amended Complaint.

120. Defendants deny the allegations in paragraph 120 of the Second Amended Complaint.

121. Defendants deny the allegations in paragraph 121 of the Second Amended Complaint.

## JURY DEMAND

Defendants do not contest the Plaintiff's demand for a jury trial.

## GENERAL DENIALS

122. Defendants deny each and every allegation not specifically admitted herein.

## AFFIRMATIVE DEFENSES

For additional defenses both affirmative and otherwise, Defendants allege:

A. Plaintiff's Second Complaint fails to state a claim upon which relief can be granted.

B. Plaintiff's claims are barred by the doctrine of unclean hands.

C. Defendants deny that Plaintiff is entitled to recover any damages or other relief; in the alternative, upon information and belief, Plaintiff's damage claims are barred in whole or in part by reason of her failure to mitigate her alleged damages and/or the doctrine of after-acquired evidence; further, in the alternative, to the extent Plaintiff has mitigated her damages, Defendants are entitled to a credit or off-set.

D. Any award to Plaintiff for compensatory damages is limited by the statutory caps set forth in 42 U.S.C. § 1981a(b)(3).

E. Discrimination and retaliation were not a motivating factor in any decisions Defendant made with respect to Plaintiff.

## **REQUESTS FOR RELIEF**

Having fully answered the claims against them, respectfully request that the Court:

a. Deny all counts asserted in the Second Amended Complaint against Be Strong LLC;

b. Deny all counts asserted in the Second Amended Complaint against Mark Mermis;

c. Dismiss Plaintiff's Second Amended Complaint against Defendants with prejudice and with Plaintiff taking nothing thereby;

d. Grant Defendants such other relief as the Court deems just.

RESPECTFULLY SUBMITTED on October 16, 2024.

                                                    AWERKAMP, BONILLA & GILES, PLC

                                                    By /s/   Shannon Giles
                                                        Ivelisse Bonilla
                                                        Shannon Giles
                                                        *Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I certify that I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following, if CM/ECF registrants and mailed a copy of the same to any non-registrants, this 16th day of October, 2024.

/s/ Shannon Giles

Chris M. Suffecool
SUFFECOOL LAW, PLLC
835 W. Warner Road
Suite 101 PMB 288
Gilbert, AZ 85233
chris@suffecoollaw.com
*Attorneys for Plaintiff*