SHANNON GILES LAW, PLC
8340 N. Thornydale Road, Ste. 110 #414
Tucson, AZ  85741
(520) 798-5282

Shannon Giles (SBN 018786)
sg@abdilaw.com
*Attorney for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Samantha Francis, an Individual,<br><br>Plaintiff,<br><br>vs.<br><br>Be Strong LLC, d/b/a Borderland Chevrolet GMC, a corporation; Mark Mermis, an individual.<br><br>Defendants. | No.  CV-24-342-TUC-MAA<br><br>**MOTION FOR TERMINATING SANCTIONS FOR EVADING DEPOSITION AND IGNORING DISCOVERY DEADLINE** |

Pursuant to FRCP 37(d) Defendants respectfully request that the Court dismiss this action as a sanction for Plaintiff evading deposition by persistently canceling her properly scheduled and noticed deposition at the last-minute and ignoring the Court-ordered discovery deadline.

1. Pertinent History.

On October 17, 2025, Plaintiff's former counsel filed a stipulation to extend case deadlines [Docket # 46].  On October 20, 2025, the Court granted the stipulation extending the discovery deadline to December 19, 2025 [Docket # 50].  That same day, Plaintiff's counsel filed a Motion to Withdraw [Docket # 47].  Along with the Motion to Withdraw, Plaintiff's former counsel filed a motion asking the Court to seal Plaintiff's

contact information [Docket # 48].  On October 24, 2025, the Court granted both the Motion to Withdraw [Docket # 53] and the Motion to Seal [Docket # 51].  Defense counsel had no way to contact Plaintiff until she sent an email on November 17, 2025.

2.  First Attempt to Depose Plaintiff.

On November 18, 2025, the day after Plaintiff's first email, undersigned counsel asked Plaintiff to provide a date for her deposition on December 9 or 10 or during the week of December 15 because the discovery deadline was fast-approaching.  Plaintiff did not provide a date, so Defendants filed and served a Second Amended Notice of Deposition [Docket # 62] for a deposition on December 16, 2025.

The Court held a status conference on December 11, 2025.  During that status conference undersigned counsel agreed to cancel the deposition on December 16, 2025, to be reset at a later date.  The Court then entered its Order [Docket # 65] extending fact discovery to February 19, 2026, and the dispositive motion deadline to March 23, 2026.

3.  Second Attempt to Depose Plaintiff.

On January 7, 2026, undersigned counsel asked Plaintiff to provide a date for her deposition during the last week of January.  Plaintiff did not provide a date.  On January 13, 2026, Defendants filed and served a Third Amended Notice of Deposition [Docket # 66] for a deposition on February 3, 2026.  Approximately two hours after undersigned counsel emailed the Third Amended Notice of deposition, Plaintiff responded asking whether there was any day in the last week of January, specifically January 27, 2026.  Undersigned counsel offered to re-schedule the deposition for January 27.  Late that evening, Plaintiff sent another email to keep the February 3rd schedule.

On Sunday, February 1, 2026, Plaintiff sent an email checking that the deposition was going forward.  Undersigned counsel responded on Monday, stating that the deposition would proceed.

On February 3, 2026, the day of the deposition, Plaintiff sent an email at 7:29 a.m. stating that she was sick and needed to reschedule. The same day cancelation resulted in a charge of $200 from the Court reporter. Plaintiff said she would like to have the deposition Friday but would need a doctor note to verify it would be possible.

4. Third Attempt to Depose Plaintiff.

Hearing nothing further from Plaintiff, undersigned counsel filed and served a Fourth Amended Notice of Deposition for Plaintiff's deposition on the following Tuesday, February 10, 2026.

On February 10, 2026, the day of the deposition, Plaintiff sent an email at 7:15 a.m. stating that her child's sitter was sick and that she would have to re-schedule. Again, the same day cancelation resulted in a charge of $200 from the Court reporter. Undersigned counsel responded that the deposition would be rescheduled for the same time the following week, which was February 17, 2026, two days before the close of discovery. Defendants filed and served a Fifth Amended Notice of Deposition [Docket # 68] for a deposition on February 17, 2026. In an email to Plaintiff that same day, undersigned counsel asked Plaintiff to let her know immediately if she was unable to make it that day. There was no response.

On February 16, the day before the deposition, at 4:41 p.m., Plaintiff emailed undersigned counsel stating that her child had a dental emergency, and she could not proceed with the deposition the next day. Plaintiff requested the deposition be re-scheduled to the end of the month, which would have been past the previously extended discovery deadline.

5. Fourth Attempt to Depose Plaintiff.

Having still been unable to depose Plaintiff, Defendants filed a Motion to Reopen Discovery for the sole purpose of taking Plaintiff's deposition and asking the Court to stay the dispositive motion deadline and the joint pretrial order deadline [Docket # 71]. On

March 20, 2026, the Court granted the motion in part, extending the discovery deadline to April 10, 2026, and setting the dispositive motion deadline on May 15, 2026, and extending the pretrial order deadline [Docket # 72].

On Monday, March 23, 2026, undersigned counsel emailed the Court's order to Plaintiff, provided five available dates for deposition within the extended discovery deadline and asked her to choose one. Plaintiff chose the latest available date, April 8, 2025, which was two days before the close of discovery. The next day, Defendants filed a Sixth Amended Notice of Deposition [Docket # 73] setting the deposition for the date Plaintiff chose.

On the afternoon of April 7, Plaintiff emailed undersigned counsel, inexplicably asking if the deadline was May 10 and stating that she needed to reschedule the deposition, providing a date past the discovery deadline, because of an issue with her child's school. Undersigned counsel confirmed that Plaintiff would not attend and canceled the court reporter to avoid yet another late cancelation charge. Plaintiff then stated she could not attend an in-person deposition that week and having just said that she could not attend on April 8, asked if the deposition could be via Zoom on April 8.

Having a deposition via Zoom on that short notice would have been logistically impossible, but importantly, Defendants have not previously been asked and will not agree to take Plaintiff's deposition remotely given the allegations in this case and the substantial number of documents involved.

6. Plaintiff Has Not Paid the Late Cancelation Fees.

Plaintiff has stated that she would reimburse Defendant for the late cancelation fees charged by the court reporter and on one occasion, stated that she was paying them "now," only to ask, over a month later, for a payment link to be resent. As of the date of this Motion, Plaintiff has not reimbursed Defendants for those late cancelation fees.

7. <u>The Court Should Terminate This Action for Plaintiff's Failure to Comply with the Court's Orders and Repeatedly Canceling Her Deposition.</u>

In this case, Plaintiff has been irreverent in ignoring the Court's orders setting a discovery deadline, including the Order of March 20, 2026, in which the Court extended the deadline for the sole purpose of Plaintiff's deposition. Plaintiff has canceled her properly noticed deposition four times, twice on the morning for which it was scheduled and twice the afternoon before. Defendants are in the continued position of having a deadline to bring a dispositive motion that they cannot meet and attempting to defend a case in in which they have been unable to depose Plaintiff. In addition, Defendants' have incurred the cost for counsel to prepare for Plaintiff's deposition multiple times only to have it canceled at the last-minute.

There is no question that Defendants are entitled to take Plaintiff's deposition under FRCiv 30 and there is no question that Defendants have been diligent in attempting to do so. Under FRCiv 37(b)(2)(A)(v), the court may impose terminating sanctions for not obeying an order to permit discovery. FRCiv 37(d) also authorizes sanctions for failure to appear at a properly noticed deposition.

Before imposing the sanction of dismissal, the Court must weigh five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less-drastic sanctions. *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006). A party's behavior prejudices the opposing party where it impairs the opposing party's ability to go to trial or threatens to interfere with a rightful decision of the case. *Hyde & Drath v. Baker,* 24 F.3d 1162, 1166-1167 (9th Cir. 1994). Although it is preferred, the Court need not make explicit findings on each factor and dismissal may be based on four factors or three factors that strongly support dismissal. *See Yourish v. Cal. Amplifier,* 191 F.3d 983, 990 (9th Cir.

-5-

1999) (internal citations omitted). The Court must also determine that the violations were due to the willfulness, bad faith or fault of the other party. *Hyde & Drath,* at 1167.

The first two factors weigh in favor of dismissal. It has been over six months since the Court extended the discovery deadline because Plaintiff's former counsel withdrew. Plaintiff's repeated last-minute cancelation of her deposition four times with a court-ordered discovery deadline looming has resulted in her controlling the pace of this case.

The third factor, prejudice to Defendants, also weighs in favor of dismissal. Defendants have been unable to depose Plaintiff, which prevents them drafting a motion for summary judgment or determining how to prepare for trial.

Although the fourth factor generally weighs against dismissal, Plaintiff has prevented Defendants from obtaining critical discovery impeding a disposition on the merits. This factor lends "little support" to a party whose responsibility it is to move a case toward disposition. *In re: Phenylpropanolamine (PPA) Prds. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006).

With respect to the fifth factor, the availability of less drastic sanctions, Defendants respectfully submit that Plaintiff's repeated avoidance of her deposition and disregard for the Court-ordered discovery deadline should suffice.

8. Conclusion

Because Plaintiff has effectively halted this case by putting Defendants in the position of having a dispositive motion deadline they cannot meet and preventing critical discovery, Defendants respectfully request that the Court impose sanction in the form of termination of this action.

RESPECTFULLY SUBMITTED on April 29, 2026.

SHANNON GILES LAW, PLC

By  /s/  Shannon Giles

Shannon Giles *Attorney for Defendants*

**CERTIFICATE OF SERVICE**

I certify that I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following, if CM/ECF registrants, and mailed a copy of the same to any non-registrants on April 29, 2026.

/s/ Shannon Giles

Samantha Francis
114 S. Wilson St., Apt. 13
Tempe, AZ 85281
*Plaintiff*