**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Samantha Francis, an individual,<br>Plaintiff,<br>v.<br>Be Strong, LLC, a corporation doing business as Borderland Chevrolet GMC; et al.,<br>Defendants. | CV 24-00342-TUC-MAA<br><br>**ORDER** |

Pending before the court is the defendants' Second Motion for Terminating Sanctions for Evading Deposition filed on June 25, 2026. Doc. 77. The plaintiff filed a response on July 7, 2026. Doc. 79. The defendants filed a reply on July 9, 2026. Doc. 82. The plaintiff filed a sur-reply on July 21, 2026. Doc. 85.

Also pending is the plaintiff's Motion for Protective Order included in her sur-reply filed on July 21, 2026. Doc. 85. The defendants filed a response on July 31, 2026. Doc. 88.

Background

The defendants filed their first motion for terminating sanctions on April 29, 2026. Doc. 74. The defendants explained that they tried to take the plaintiff's deposition five times but to no avail. Doc. 74. They moved that the court terminate the plaintiff's action for evading her deposition. Doc. 74.

The court stated the rule as follows: "Before imposing the 'harsh sanction' of dismissal, however, the district court should consider the following factors: (1) the public's interest in

expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Leon v. IDX Sys. Corp*., 464 F.3d 951, 958 (9th Cir. 2006) (punctuation modified).

The court concluded that lesser sanctions might be appropriate if the plaintiff were willing to finally sit for her deposition. The motion was denied without prejudice to give the plaintiff a final chance to comply with her discovery obligations. Doc. 75.

The defendants' counsel sent the court's order to the plaintiff the day it issued. Doc. 77, p. 2. That evening, the plaintiff proposed two deposition dates. *Id*. The defendants filed a Seventh Amended Notice of Deposition setting the deposition on June 24, 2026 at 9:30 a.m. *Id*.

Unfortunately, the deposition did not take place. Doc. 77, p. 2. The plaintiff emailed the defendants' counsel at 8:42 a.m. on the day of the deposition explaining that she was trying to drive to Tucson for the deposition, but her car had just broken down in Marana. *Id*. The plaintiff offered to appear by Zoom, and later that afternoon, she "offered to reschedule her deposition for a 6th time." Doc. 77, pp. 2-3. The defendants chose not to reschedule the deposition. *Id*.

Discussion

On June 25, 2026, the defendants filed the pending second motion for terminating sanctions. Doc. 77. They argue that "Plaintiff has committed to a deposition date 5 times since the withdrawal of her counsel almost ten months ago but has shown no real intent to comply with her obligation to appear for a deposition as ordered by the Court or to move her case forward." Doc. 77, p. 3.

The court finds that the plaintiff attempted in good faith to attend her deposition. The plaintiff will be given another chance to sit for her deposition. The defendants' second motion for terminating sanctions will be denied without prejudice. Doc. 77.

In her Motion for Protective Order, the plaintiff moves that the court order that any future depositions be conducted remotely via Zoom and "Defendant Mermis be strictly prohibited from being in the same physical room or building as Plaintiff during the deposition." Doc. 85, p. 5; *see* Fed.R.Civ.P.30(b)(4) ("[T]he court may on motion order . . . that a deposition be taken by telephone or other remote means."). She argues she is in danger from Mermis because she has accused him of sexual assault and he has a history of violence. Doc. 85, pp. 2-3.

The defendants assert that "Mark Mermis has never had any intention of attending Plaintiff's deposition." Doc. 88, p. 1. The court concludes that the defendants would not be adversely affected if the court issued an order prohibiting Mermis from attending the plaintiff's deposition. And as a result, the plaintiff need not fear an in-person deposition.

IT IS ORDERED that the defendants' Second Motion for Terminating Sanctions for Evading Deposition, filed on June 25, 2026, is denied without prejudice Doc. 77.

IT IS FURTHER ORDERED that the plaintiff shall contact defendants' counsel by September 30, 2026, and arrange to sit for her deposition before the discovery deadline modified herein.

The discovery deadline is extended to October 30, 2026, for the purpose of taking the plaintiff's deposition.

Once the deposition has taken place, the parties may move for further modification of the pretrial deadlines.

The plaintiff is notified that if she fails to comply with this order, her action may be dismissed without trial. *See Leon v. IDX Sys. Corp*., 464 F.3d 951, 960 (9th Cir. 2006).

IT IS FURTHER ORDERED that the plaintiff's Motion for Protective Order included in her sur-reply, filed on July 21, 2026, is Granted in Part. Doc. 85. The deposition will be conducted in-person. Mark Mermis may not attend the plaintiff's deposition.

The plaintiff is instructed that the better practice is to file motions by themselves and not as part of another motion's briefing.

The plaintiff is instructed that if she intends in the future to mail documents to the court for filing, she should address those documents to the Clerk of the Court and not to the presiding judge.

DATED this 15th day of September, 2026.

Honorable Michael A. Ambri
United States Magistrate Judge